IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01887-CMA-BNB

CHRISTOPHER DAVID DALGARN,

Plaintiff,

v.

RODNEY D. JOHNSON, in his official capacity as Sheriff of Grand County, Colorado, and
DEPUTY ROCHALLE L. ROOKS, individually,

Defendants.

_____

## ORDER

_____

This matter arises on **Defendant Rochalle Rooks' Motion to Stay Pending Qualified Immunity Determination** [Doc. # 39, filed 4/19/2010] (the "Motion to Stay"). I held a hearing on the Motion to Stay on May 6, 2010, and took the matter under advisement. The Motion to Stay is DENIED.

This case arises from the high speed police chase and subsequent shooting of Christopher David Dalgarn which occurred on October 6, 2008. It is alleged that defendant Rochalle Rooks, then a deputy sheriff in Grand County, Colorado, shot the defendant nine times. The plaintiff suffered catastrophic injuries as a result of the gunshot wounds resulting in permanent tetraplegia. Amended Complaint [Doc. # 7] at ¶¶15-16. This action was commenced by the filing of a complaint against Deputy Rooks and others on August 10, 2009.

The defendants answered the complaint on September 9, 2009. Answer [Doc. # 8]. Deputy Rooks asserted qualified immunity, among other defenses. Id. at p. 12. Rooks did not file a motion to dismiss on that basis, however. A scheduling order was entered [Doc. # 17] on

October 6, 2009, and discovery proceeded without any objection. I am informed that subsequently 25 depositions were taken, numerous expert disclosures were completed, and all discovery was completed by May 14, 2010.

Meanwhile, on April 19, 2010, the defendants filed a Motion for Summary Judgment [Doc. # 38]. Among the arguments in support of summary judgment is Deputy Rooks' claim to qualified immunity. Motion for Summary Judgment [Doc. # 28] at p. 18. In view of his assertion of qualified immunity as a basis for summary judgment, Rooks seeks to "stay all further proceedings in this action, including vacating the Final Pretrial Conference set for June 8, 2010, pending a determination from this Court of the entitlement of Deputy Rooks to qualified immunity from the Plaintiff's 42 U.S.C. § 1983 claims. . . ." Motion to Stay [Doc. # 39] at pp. 1-2. Those remaining proceedings include preparation of a proposed final pretrial order; the final pretrial conference on June 8, 2010; obtaining from the district judge the dates for a trial preparation conference and for trial; and any trial preparation the defendants may undertake prior to a ruling on the motion for summary judgment.

In Graham v. Gray, 827 F.2d 679 (10thCir. 1987), the Tenth Circuit Court of Appeals held in a case involving the defense of qualified immunity that "a trial court's decision to allow or deny discovery is discretionary, and subject to review only for abuse of discretion." Id. at 681. In finding no abuse of discretion, the circuit court noted:

> [T]he scope of discovery permitted by the district court appears to
> be neither oppressive nor unnecessary. . . . Moreover, [the
> defendant] is no longer County Clerk, so we discern here no
> unwarranted disruption of public official functions. Finally, the
> Supreme Court emphasize in Mitchell [v. Forsyth, 472 U.S. 511
> (1985)], that qualified immunity is above all an entitlement not to
> *stand trial* under certain circumstances.

Id. at 682.

Here, I am not asked to stay discovery, but merely the final pretrial tasks necessary to prepare the case for trial. As in Graham, the remaining tasks are neither oppressive nor unnecessary. The burdensome and potentially disruptive work of discovery and expert witness designations already has been completed. In addition, it is undisputed that Rooks no longer is a deputy sheriff or otherwise engaged in law enforcement. Requiring Rooks to complete the remaining pretrial tasks will not result in any unwarranted disruption in his performance of public functions. The other defendant in this action, Sheriff Rodney Johnson in his official capacity, is not entitled to seek qualified immunity. Meiners v. University of Kansas, 359 F.3d 1222, 1233 n.3 (10thCir. 2004). Any burden on him or the sheriff's office in general is likely to occur regardless of whether Rooks is granted qualified immunity. Finally, requiring the defendants to complete the pretrial phase of the case does not mean that the case will proceed to trial prior to a ruling on Rooks' qualified immunity defense.

IT IS ORDERED that the Motion to Stay is DENIED.

Dated June 1, 2010.

BY THE COURT:

 s/ Boyd N. Boland                                  
United States Magistrate Judge