IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-01887-CMA-BNB

CHRISTOPHER DAVID DALGARN,

    Plaintiff,

v.

RODNEY D. JOHNSON, in his official capacity as Sheriff
   of Grand County, Colorado, and
DEPUTY ROCHALLE L. ROOKS, Individually,

    Defendants.

## ORDER REGARDING MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendants' "Unopposed Motion for Eight Day Extension of Time to Submit Reply Brief in Support of Motion for Summary Judgment." (Doc. # 58.)

In contemplating this motion, the Court has taken stock of Defendants' motion for summary judgment and Plaintiff's response. Between the two, including attachments, the parties have filed **762 pages** of materials for the Court to consider.[1]

Given the issues involved in this case, this amount of briefing and documentation is excessive. The parties' submission of such unreasonably lengthy briefing and voluminous attachments is overly burdensome; more to the point, it is inconsiderate of,

---

[1] Defendants' motion totals 215 pages (Doc. # 38). Plaintiff's response totals 538 pages (Doc. # 49).

and disrespectful to, this Court.  It is this sort of prolix briefing that has caused the Court to recently amend its Civil Practice Standards.  As of May 24, 2010, motions for summary judgment and responses are limited to 20 pages.  Replies are limited to 10 pages.  *See* CMA Civ. Practice Standards III.G.2.  Even the old standards – though absent page limits – discouraged lengthy briefing:

> There are no page limits to motions and briefs (unless specifically ordered by the Court).  However, keep in mind that, after 15-20 pages, the attention of the reader will begin to wander and the persuasiveness of your argument may be reduced.  In addition, it is unlikely that the Court will grant summary judgment if it takes more than 20 pages to attempt to convince the Court that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.

The parties obviously disregarded these standards.  They also disregarded Local Civil Rule 56.1(C), which discourages voluminous exhibits and **requires** that parties "limit exhibits to essential portions of documents."  D.C.COLO.LCivR 56.1(C).

Based on the parties' disregard for these rules, designed in part to respect judicial economy, the Court DENIES Defendants' "Unopposed Motion for Eight Day Extension of Time to Submit Reply Brief in Support of Motion for Summary Judgment," (Doc. # 58), and DENIES WITHOUT PREJUDICE the Defendants' "Motion for Summary Judgment" (Doc. # 38).

If Defendants seek to refile their motion for summary judgment, briefing shall be limited to 30 pages for the motion and brief in support.[2]  Plaintiff's response shall be

---

[2]  Because Defendants filed their motion for summary judgment before the Court's current standards took effect, the Court will allow some deviation from its current practice standards.

limited to 30 pages and Defendants' reply to 15 pages. Attachments shall be limited to only the essential excerpts necessary to the motion or response.

DATED: June  3 , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge