IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-01887-CMA-BNB

CHRISTOPHER DAVID DALGARN,

    Plaintiff,

v.

RODNEY D. JOHNSON, in his official capacity as Sheriff
  of Grand County, Colorado, and
DEPUTY ROCHALLE L. ROOKS, Individually,

    Defendants.

## ORDER REGARDING OBJECTION TO ORDER
## OF UNITED STATES MAGISTRATE JUDGE

    Plaintiff is suing Defendants pursuant to 42 U.S.C. § 1983 for allegedly violating his civil rights. (*See* Doc # 7.) The matter is before the Court on Defendant Rooks' Objection to Order of United States Magistrate Judge Regarding Rooks' Motion to Stay Pending Qualified Immunity Determination and his Motion to Stay Pursuant to D.C.COLO.LCivR 30.2(b). (Doc. ## 64, 65.) For the following reasons, the Court overrules his objection and denies his motion.

## I. ANALYSIS

**A.     DEFENDANT'S OBJECTION**

Defendant Rooks ("Defendant") contends he is entitled to qualified immunity against Plaintiff's claims.[1]  This is one of the grounds on which he seeks summary judgment.  (Doc. # 70 at 11-21.)

On April 19, 2010, Defendant filed a Motion to Stay Pending Qualified Immunity Determination.  (Doc. # 39.)  The motion was referred to Magistrate Judge Boland and, on June 1, 2010, Judge Boland denied the motion.  (Doc. ## 40, 59.)  Defendant now objects to that ruling.

In considering Objections to non-dispositive rulings by a Magistrate Judge, the Court must adopt the Magistrate Judge's rulings unless it finds that the rulings are clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir.1997); *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  Accordingly, the Objections will be overruled unless the Court finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made."  *Ariza*, 167 F.R.D. at 133 (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988)).

---

[1]   The other Defendant, Sheriff Johnson, was sued in his official capacity.  Thus, he is not entitled to qualified immunity.  *Meiners v. University of Kansas*, 359 F.3d 1222, 1233 n.3 (10th Cir. 2004).

In the at-issue motion, Defendant had sought to stay all proceedings pending a decision from the Court on the question whether he is entitled to qualified immunity. (Doc. # 39 at 1-2.)  When Magistrate Judge Boland issued his order denying that motion, all discovery had already been completed; the only proceedings remaining were final pretrial tasks, such as the final pretrial conference.  In making his decision, Magistrate Judge Boland weighed the potential burdens on Defendant in proceeding with these tasks versus one of the rationales for the qualified immunity doctrine–-having those entitled to it avoid the costs and expenses of trial.  *See Saucier v. Katz*, 533 U.S. 194, 200 (2001) ("Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided . . .") (overturned on unrelated grounds).  Magistrate Judge Boland explained his reasoning as follows:

> Here, I am not asked to stay discovery, but merely the final pretrial tasks necessary to prepare the case for trial. . . . The burdensome and potentially disruptive work of discovery and expert witness designations already has been completed.  In addition, it is undisputed that Rooks no longer is a deputy sheriff or otherwise engaged in law enforcement. Requiring Rooks to complete the remaining pretrial tasks will not result in any unwarranted disruption in his performance of public functions. . . . Finally, requiring the defendants to complete the pretrial phase of the case does not mean that the case will proceed to trial prior to a ruling on Rooks' qualified immunity defense.

(Doc. # 59 at 3.)

Defendant now argues this decision was contrary to law because if the remaining proceedings are not stayed, Defendant will be effectively stripped of the protections afforded by qualified immunity.  (Doc. # 64 at 8-9.)  This is not persuasive.  Defendant

3

cites no case suggesting that Judge Boland's decision to not stay proceedings was contrary to law. Moreover, given that all discovery has been completed, the Court agrees with Judge Boland that the remaining tasks are not overly burdensome.[2] Finally, because the Court will rule on Defendant's motion for summary judgment before trial, if it finds that Defendant is entitled to qualified immunity, he will not have to stand trial. This result is consistent with the rationale for qualified immunity. *See Saucier*, 533 U.S. at 200. Magistrate Judge Boland's decision was not contrary to law; thus, the Court affirms it.

**B. DEFENDANT'S MOTION**

Defendant also filed a Motion to Stay Pursuant to D.C.COLO.LCivR 30.2(b),[3] in which he sought to stay the proceedings pending a decision on his objection. (Doc. # 65.) Given today's ruling, the Court denies this motion as moot.

---

[2] Defendant's motion is unaccompanied by an affidavit or declaration from Defendant explaining the burdens Defendant will incur if the case is not stayed.

[3] D.C.COLO.LCivR 30.2(B) states that: "The filing of an objection, pursuant to Fed. R. Civ. P. 72(a), to an order by a magistrate judge concerning a discovery issue does not stay the discovery to which the order is directed. Any stay of the magistrate judge's order must be sought and obtained separately by motion filed initially with the magistrate judge, and if denied, then with the assigned district court judge. The motion shall be supported by good cause."
Although the Court is denying Defendant's motion as moot, the Court notes that Local Civil Rule 30.2(B) does not apply here. By its clear terms, the rule applies only to orders concerning discovery issues. Magistrate Judge Boland's order did not concern a discovery issue. It concerned the issue whether to stay the proceedings pending a ruling on Defendant's assertion of qualified immunity. (*See* Doc. # 59.) Moreover, as Magistrate Judge Boland observed in his order, "all discovery was completed by May 14, 2010," *(id.* at 2), more than two weeks before the order was issued.

4

## II. CONCLUSION

Accordingly, the Court OVERRULES Defendant Rooks' Objection to Order of United States Magistrate Judge Regarding Rooks' Motion to Stay Pending Qualified Immunity Determination, (Doc. # 64), and it DENIES AS MOOT Defendant Rooks' Motion to Stay Pursuant to D.C.COLO.LCivR 30.2(b) (Doc. # 65).

DATED: July __7__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge